IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11041
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-75-1-R
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gerardo Rodriguez appeals from the revocation of his term of supervised release for violating two supervised-release conditions. Rodriguez argues that his procedural due process rights were violated because the district court revoked his term of supervised release based solely on his counsel's statement that Rodriguez intended to plead true to the allegations against him, rather than obtaining a personal admission of guilt from Rodriguez. Rodriguez also argues that the district court erred by not providing the procedural safeguards of <u>Boykin v. Alabama</u>,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

395 U.S. 238, 242-43 (1969), at his revocation hearing, and by revoking Rodriguez's supervised release based on a petition filed three years after the offense giving rise to revocation. Rodriguez also alleges that the evidence was insufficient to support revocation. Because Rodriguez failed to object to these alleged errors in the district court, we review for plain error. Fed. R. Crim. P. 52(b).

Rodriguez has failed to show that the alleged errors affected his substantial rights. He cannot show plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993). Accordingly, the district court's judgment is AFFIRMED.